J-S40023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE MARCEL PAGE | : | |
| | : | |
| Appellant | : | No. 849 EDA 2023 |

Appeal from the PCRA Order Entered March 21, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0002704-2017

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED MARCH 07, 2024**

Kyle Marcel Page ("Page") appeals *pro se* from the dismissal, without a hearing, of his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We dismiss the appeal.

In early 2019, a jury convicted Page of robbery, retail theft, and related offenses for a robbery and a series of retail thefts of cellular phones from two stores in Bucks County.  **See** PCRA Court Opinion, 5/15/23, at 1-2.  The trial court subsequently sentenced Page to nine to twenty years in prison.  **See id**. at 3.  Page filed a timely direct appeal, and this Court affirmed the judgment of sentence.  **See Commonwealth v. Page**, 268 A.3d 402 (Pa. Super. 2021)

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

(unpublished memorandum). The Pennsylvania Supreme Court denied Page's petition for allowance of appeal. **See Commonwealth v. Page**, 280 A.3d 863 (Pa. 2022).

Page filed a timely, *pro se* PCRA petition. **See** PCRA Court Opinion, 5/15/23, at 4. The PCRA court appointed counsel ("Counsel") who filed several amended PCRA petitions. **See id**. Simultaneously with the PCRA court's issuance of a notice of intent pursuant to Pa.R.Crim.P. 907 to dismiss the PCRA petition without a hearing, Counsel sought leave to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See id**. at 4.[2] The PCRA court granted Counsel's motion to withdraw and dismissed Page's PCRA petition. **See id**. at 5. Page filed the instant, timely appeal. The PCRA court ordered Page to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See id**. Page filed a

---

[2] Counsel acknowledged it was unusual to seek leave to withdraw after the filing of multiple amended PCRA petitions. **See** Motion to Withdraw, 2/21/23, at 8. However, Counsel explained he felt compelled to withdraw because of disagreements with Page about which issues to raise in the PCRA proceedings and Counsel's belief the Pennsylvania Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.") placed him in the untenable position of either raising frivolous claims in the PCRA court or being compelled to defend himself against accusations of ineffective assistance of PCRA counsel. **See id**. at 8-13.

- 2 -

four-page, single-spaced, forty-one-paragraph Rule 1925(b) statement. The PCRA court issued an opinion maintaining "all of [Page's] arguments are waived due to his failure to file a concise and coherent 1925(b) statement," PCRA Court Opinion, 5/15/23, at 9, and stating the only two claims it could discern were without merit, waived, and/or previously litigated, *see id*. at 9-11.

On appeal, Page presents four questions for review:

1. Was [the trial court] biased by forming his own determination that probable cause[] existed for the search when cops testified to the differ [*sic*] [?]

2. Did the [PCRA] court err[] in denying [Page's] PCRA?

3. Was PCRA counsel ineffective for not bringing up trial counsel[']s clear[] ineffectiveness according to the *Strickland*[3 standard?]

4. Did [Page] have a fair trial according to his 6th, 9th, and 14th Amendment[ rights?]

Page's Brief at 2 (footnote added).

Page appeals from the dismissal of his PCRA petition. Our standard of review of the trial court's ruling

is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

---

[3] *See Strickland v. Washington*, 466 U.S. 668 (1984).

***Commonwealth v. Maxwell***, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (internal citations and quotation marks omitted).

To be eligible for relief pursuant to the PCRA, an appellant must establish his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). He must also establish the issues raised in the PCRA petition have not been previously litigated or waived. ***See*** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Prior to reaching the merits of Page's claims, we must determine whether Page preserved any issues for our review. ***See Commonwealth v. Wholaver***, 903 A.2d 1178, 1184 (Pa. 2006) (holding appellate courts may *sua sponte* determine whether issues have been properly preserved on appeal). Although we may liberally construe *pro se* filings, "*pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel. . . ." ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014).

This Court has stated "Rule 1925 is intended to aid [] judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." ***Commonwealth v. Smith***, 304 A.3d 35, 39 (Pa. Super. 2023) (citation and

internal quotation marks omitted). Therefore, Rule 1925 requires, in pertinent part, the appellant "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "The Statement should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). While raising many errors is not dispositive of non-compliance, the issues nonetheless must be "non-redundant, non-frivolous[, and] set forth in an appropriately concise manner" to preserve the issues for appeal. *Id*.

Where an appellant refuses to comply with the letter and spirit of Rule 1925, overwhelming the trial court and subverting our ability to conduct meaningful review, the appellant waives all issues on appeal. *See*, *e.g*., *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1041-43 (Pa. Super. 2018) (dismissing appeal where the case was not "complex" and appellant chose to overwhelm the trial court by filing a voluminous Rule 1925(b) statement involving a "preposterous number of issues"); *Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004) (finding that the appellants raised more than one hundred issues, "deliberately circumvent[ing] the meaning and purpose of Rule 1925(b)" and as a result precluded appellate review).

The PCRA court concluded Page waived all arguments on appeal because of his failure to file a "concise and coherent" Rule 1925(b) statement. PCRA Court Opinion, 5/15/23, at 9. It noted it was "nearly impossible to decipher [Page's] practically [un]intelligible arguments[.]" *Id*.

We find no error in the PCRA court's determination. Page's 1925(b) statement consists of scurrilous accusations against the trial court, and everyone involved in the underlying prosecution, and a lengthy account of the underlying events, intermingled with citations to caselaw. *See* Page's 1925(b) Statement, 4/17/23, at 1-4 (unnumbered). It is impossible to determine from his prolix, jumbled statement, which appears to attack every action taken in the underlying criminal case, what claims Page seeks to raise on appeal. *See id*. In sum, Page's statement is a 4-page narrative, which is neither concise nor compliant with Pa.R.A.P. 1925(b)(4). Thus, we conclude Page waived all issues on appeal. *See Vurimindi*, 200 A.3d at 1043.

Even if Page had not waived his claims because of his incomprehensible 1925(b) statement, we would still find waiver because of his failure to comply with the Pennsylvania Rules of Appellate Procedure. We have long held an appellant's failure to comply with the briefing requirements of the Rules of Appellate Procedure unduly hampers our ability to conduct meaningful review, we may decline to conduct a review and instead dismiss the appeal. *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be . . . dismissed"); *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (noting this Court may quash or dismissal an appeal if there are substantial defects in the appellate brief).

Page's brief fails to comply with multiple rules of appellate procedure. His statement of scope and standard of review includes neither, and, instead, purports to raise additional substantive issues.[4]  **See** Page's Brief at 1.  Page's order in question statement fails to include "[t]he text of the order or other determination from which an appeal has been taken" and, again, raises substantive claims.[5]  Pa.R.A.P. 2115(a).  Page's statement of the case does not include any citations to the record, and it is not a "closely condensed chronological statement . . . of all the facts which are necessary to be known in order to determine the points in controversy[.]" Pa.R.A.P. 2117(a)(4); **see** Page's Brief at 3-7.  Moreover, it includes argument, in direct contravention of the rule, and does not constitute a "a balanced presentation of the history of the proceedings."  Pa.R.A.P. 2117(b); **see** Page's Brief at 3-7.  Further, Page does not include a statement of the place of raising or preserving issues in his brief, in violation of Pa.R.A.P. 2117(c), Page's summary of the argument does not comply with Pa.R.A.P. 2118 because it is not reflective of either his statement of questions involved, nor his subsequent argument, **see id**. at 7-

_____

[4] Page claims the PCRA court erroneously dismissed his petition without a hearing because it would not let Page "bring up issues at first chance whether [Page's] claim has merit or not."  Page's Brief at 1.  Page also claims trial counsel failed "to properly represent to the best of his ability. **Commonwealth v. Brad[]ley**, 261[] A[.]3d 381 (Pa[.] 2021)." **Id**.

[5] Page contends the PCRA court erred in denying his PCRA petition without giving him the opportunity to represent himself after PCRA counsel withdrew. **See id**.  He also alleges the PCRA court should have recused itself because it previously denied his motion to suppress in the underlying criminal case.  **Id**.

8. Most important, Page's argument, which is repetitive, vague, devoid of context, and largely incomprehensible, does not comply with Pa.R.A.P. 2119(a), because it raises legal arguments neither stated nor contemplated by his statement of the questions involved. *See id*. at 8-13; *see also* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or fairly suggested thereby.").

We have explained:

> The Rules of Appellate Procedure state unequivocally that *each question an appellant raises is to be supported by discussion and analysis of <u>pertinent authority</u>*. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant.

*Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (citations and quotation marks omitted; italics and underline emphasis added).

Page presents the facts in a light most favorable to himself — rather than the Commonwealth, the verdict winner — and attempts to retry the case and/or impugn the trial judge, the police, the district attorney, and every attorney who represented him in this matter. Much of the argument lacks citation to pertinent authority and is unintelligible. Page has failed to develop

- 8 -

meaningful legal argument for review.[6]  Thus, Page waived all issues on appeal for these reasons as well.  *See Coulter*, 94 A.3d at 1088-89.

Accordingly, for the reasons discussed above, we are constrained to dismiss Page's appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/7/2024

---

[6] For example, Page's *Bradley* claim consists of a citation to *Bradley* accompanied by a single, bald assertion PCRA counsel was ineffective for failing to raise trial counsel's alleged ineffectiveness.  *See* Page's Brief at 10.